UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMEON TRENT,

                         Petitioner,

          -against-

CARL E. DUBOIS,

                         Respondent.

19-CV-3402 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, United States District Judge:

     Petitioner, currently detained at Orange County Jail, brings this *pro se* petition for a writ of *habeas corpus*, under 28 U.S.C. § 2241.[1] The Court denies the petition for the reasons set forth below.

**STANDARD OF REVIEW**

     The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243.

     The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from

---

[1] By order dated April 18, 2019, the Court directed Petitioner to submit a request to proceed *in forma pauperis* or pay the $5.00 filing fee. On May 8, 2019, the Court received Petitioner's $5.00 payment.

compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner Dameon Trent alleges that he and his codefendants, Beth Williams and Aracelis Olivera, face criminal charges. He contends that "the District Attorney has elicited perjury" from Williams and Olivera and that "[b]ut for this, [he] would not have been charged with a crime." (*Id.* at 2.) Petitioner alleges that "[b]urglary and robbery are [their] choice of crimes to support their [drug] addictions" and notes that Williams and Olivera "were incarcerated between 2015 and 2018 for the same exact thing." (Am. Pet. at 1-2). They are "addicts who have changed their story numerous times" (*id.* at 3), and Olivera is "an informant with some form of . . . immunity" (*id.* at 2). Moreover, "the alleged victim is public[ly] announcing that he is not a victim and has lost nothing." (*Id.*)

Petitioner asserts that his assigned lawyer is ineffective and has "a conflict" (*id.* at 2, 5), and seeks "the judge's recusal and the appointment of new counsel," though even this, he argues, will not "rectify the undue prejudice" of prosecutorial misconduct (*id.* at 2).

Petitioner appears to challenge the criminal court's decision to admit evidence of his past crimes and argues that evidence of his "criminal propensity" is being used "as a means to convict" him. (*Id.* at 3.) Moreover, petitioner argues that there is evidence of "racial discrimination, bias, selective prosecution and prosecutorial misconduct." (*Id.*)

According to public records, Petitioner's criminal case is pending in the Orange County Court. *See People v. Trent*, Case No. 00828-2018 (Orange Cnty.). He has been charged with

robbery in the first degree, assault, and other charges. Counsel was appointed to represent him in those proceedings, and his next scheduled hearing is on May 15, 2019.[2]

## DISCUSSION

The "*habeas* provisions for state prisoners are 28 U.S.C. § 2254, applying specifically to 'a person in custody pursuant to the judgment of a State court,' and the somewhat broader provisions of [28 U.S.C.] § 2241, covering all persons 'in custody' in violation of federal law. 28 U.S.C. §§ 2254(a), 2241(c)(3)." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). A § 2241 petition is generally considered the proper vehicle for a state pretrial detainee who argues that he is in custody in violation of the Constitution or federal law. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1973).

Although § 2241 does not expressly require exhaustion, the statute has been interpreted as requiring a petitioner to exhaust available state court remedies prior to seeking federal *habeas* relief. *See Carmona*, 243 F.3d at 632-34; *see also United States ex rel. Scranton v. State of New York*, 532 F.2d 292, 294 (2d Cir.1976) ("[D]ecisional law has superimposed [an exhaustion] requirement in order to accommodate principles of federalism."). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*,

---

[2] By contrast, it appears from the public records in *People v. Trent*, Case No. 00828-2018 (Orange Cnty.), that Aracelis Olivera and Beth Williams pled guilty on April 8, 2019, and are scheduled for sentencing.

526 U.S. 838, 845 (1999).[3] Here, it is apparent from Petitioner's allegations that he has not exhausted his claims in state court.

Even if Petitioner had exhausted all state court remedies, the Court cannot consider his petition where there is an ongoing criminal proceeding against him, and he has the opportunity to raise constitutional challenges in the state court. *See, e.g., Braden*, 410 U.S. at 493 (Section 2241 "cannot be used to 'permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.'"); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (recognizing that "'prudential concerns' . . . such as comity and the orderly administration of criminal justice" affect the appropriate exercise of *habeas* jurisdiction).

Ordinarily, a state proceeding provides an adequate forum for the vindication of federal constitutional rights, *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994), and Petitioner's allegations are insufficient to show bad faith or other exceptional circumstances, *see Younger v. Harris*, 401 U.S. 37 (1971) (federal courts cannot intervene in ongoing criminal proceedings except in extraordinary circumstances and upon clear showing of great and immediate harm). Once the state criminal proceedings against Petitioner have concluded, and his appeals or other state court collateral proceedings are exhausted, Petitioner may, if necessary, seek federal *habeas* relief pursuant to 28 U.S.C. § 2254.

---

[3] A petitioner who has not exhausted available state court remedies may seek a writ of *habeas corpus* under § 2241 only if he establishes that (1) there was cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law, or (2) failure to consider his claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Petitioner, and note service on the docket. The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2241, is denied without prejudice as unexhausted.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: May 16, 2019
New York, New York

*(signature)*

COLLEEN McMAHON
Chief United States District Judge